ORIGINAL SEALED BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT

## United States District Court

for the

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 07 2007

at ___o'clock and ___min. __M.
SUE BEITIA, CLERK

U.S.A. vs. ZBIGNIEW NAWROCKI Docket No. CR 04-00272SOM-02

**REQUEST FOR COURSE OF ACTION**
**(Statement of Alleged Violations of Supervised Release)**

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ZBIGNIEW NAWROCKI, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 20th day of April 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. That the defendant shall serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during hours and shall not leave his residence without the approval of the Probation Office. The defendant will be allowed to leave to attend work, school, or drug treatment with the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

5.  That the fine of $3,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision

The subject began his first term of supervised release on 9/9/2005.

On 10/12/2005, the Court revoked supervised release based on a finding that the defendant failed to report to the Probation Office within 72 hours of release; submitted two positive urine specimens for methamphetamine; and failed to follow Probation Officer instructions. The Court sentenced the defendant to 9 months imprisonment, to be followed by 27 months of supervised release with the following special conditions:

1.  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5.  That the fine of $3,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

The subject began his current term of supervised release on 7/5/2006.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. That the subject admitted that on or about 8/9/2006, he smoked methamphetamine, in violation of the General Condition.

2. That the subject was untruthful to his Probation Officer on 4/13/2007, in violation of Standard Condition No. 3.

3. That the subject refused to comply with drug testing on 9/12/2006, 5/3/2007, 6/12/2007 and 7/30/2007, in violation of Special Condition No. 1.

4. That the subject admitted that on or about 7/29/2007, he smoked methamphetamine, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[ X ] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 8/6/2007

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 6th day of August, 2007, and ordered filed and made a part of the records in the above case.

Samuel P. King
for SUSAN OKI MOLLWAY
U.S. District Judge

Re: **NAWROCKI, Zbigniew**
**Criminal No. CR 04-00272SOM-02**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

**Violation No. 1 - Admission to Smoking Methamphetamine on 8/9/2006**

The subject began his current term of supervised release on 7/5/2006. As a condition of supervised release, the subject was required to report to Hina Mauka for drug treatment and testing.

On 8/11/2006, while at Hina Mauka, the subject provided a urine specimen that was presumptively positive for methamphetamine. The specimen was forwarded to Scientific Testing Laboratories (STL) for confirmation testing.

On 8/14/2006, this officer met with the subject at the U.S. Probation Office. Upon being questioned about the presumptively positive drug test, the subject admitted that on or about 8/9/2006, the subject met an "old friend" who offered him "ice." The subject indicated that he made a mistake and smoked methamphetamine. The subject expressed remorse for his actions.

The subject was verbally reprimanded and warned that drug use was not acceptable. Additionally, to address the subject's relapse, the subject was required to enter and complete a higher level of drug treatment at Hina Mauka. On 9/8/2006, the subject was admitted into the Intensive Outpatient Program (IOP) at Hina Mauka.

On 8/23/2006, STL reported that the urine specimen submitted on 8/11/2006 was negative for methamphetamine.

**Violation No. 2 - Untruthful to Probation Officer**

In April 2007, the subject was unemployed and searching for a job. The subject's job search efforts were being monitored by this officer. On 4/12/2007, at approximately 8:00 a.m., this officer telephonically contacted the subject and instructed him to attend a job fair at Leeward Community College (LCC) that same day. The subject reported that he had no appointments and would attend the fair.

Later that same morning, this officer attended the LCC job fair to establish contacts with employers that are willing to hire offenders. While at the job fair, this officer did not observe the subject.

On 4/13/2007, this officer contacted the subject and inquired if he attended the LCC job fair. The subject reported that he did attend the fair but did not have any luck finding employment. In response to this officer's inquiries about what employers were present at the

fair, the subject named employers that were not at the fair. This officer then asked the subject to describe what area of the LCC campus the fair was set up. The subject stated that he did not know how to describe it. This officer asked the subject whether the fair was indoors or outdoors. The subject incorrectly reported that it was indoors. This officer informed the subject that he was incorrect and was being untruthful. The subject then admitted that he did not attend the fair and was being untruthful. He explained that because he did not attend the fair, he did not want this officer to think he was being lazy. The subject was verbally reprimanded and warned that any further dishonesty would not be tolerated and would be addressed with the imposition of more severe consequences.

**Violation No. 3 - Refusal to Comply With Drug Testing on 9/12/2006, 5/3/2007, 6/12/2007, and 7/30/2007; and Violation No. 4 - Admission to Smoking Methamphetamine on 7/29/2007**

On 9/12/2006, the subject failed to report to Hina Mauka for drug testing. Upon being questioned about his failure to appear, the subject informed this officer that he must have forgotten to call the recorder. The subject was verbally reprimanded and instructed to make all future urine testing dates.

On 5/3/2007, the subject reported to Hina Mauka for drug testing at 7:55 p.m. According to the urine collector at Hina Mauka, the subject was unable to provide a urine specimen before Hina Mauka closed at 8:00 p.m. Upon being questioned by this officer, the subject reported that he was sick and had been throwing up during the day. He explained that he was aware that Hina Mauka closed at 8:00 p.m. but had overslept and arrived later than intended. According to the subject, he was dehydrated and could not urinate. The subject reported that he had not seen a doctor. The subject was verbally reprimanded and warned that future stalls would result in the imposition of sanctions.

On 6/12/2007, the subject failed to report to Hina Mauka for drug testing. Upon being questioned, the subject stated that he had been busy with work and must have forgotten to call the recorder. The subject was verbally reprimanded and informed that he would remain in drug testing for an additional 3 months. Furthermore, the subject was reminded that this was his second stall in 2 months and that increased sanctions would be imposed if he continued to fail to report for drug testing.

On 7/30/2007, the subject failed to report to Hina Mauka for drug testing. On the morning of 7/31/2007 at approximately 9:30 a.m., this officer conducted an unannounced home visit at the subject's residence. Upon questioning the subject about his failure to report to Hina Mauka, the subject indicated that he thought he called the Hina Mauka recorder but acknowledged that

he may have forgot. This officer verbally reprimanded the subject for his failure to appear for drug testing and instructed him to provide a urine specimen.

The subject reported that he had recently urinated and would have difficulty providing a urine specimen. The subject attempted to provide a specimen but informed this officer that he could not urinate. This officer inquired if the subject had recently used any illegal drugs. The subject reported that he had not used any illegal drugs and explained that he simply could not urinate. The subject was instructed to drink liquid to help him urinate. The subject proceeded to finish a soda and several glasses of water. Over the course of the next 2 hours, at the direction of this officer, the subject attempted to urinate on several occasions but each time indicated he could not. Finally, at approximately 11:45 a.m., this officer informed the subject that this officer had no intention of leaving his home and would remain there until he provided a urine sample. Immediately following this, the subject was able to provide a small amount of urine.

The subject's urine was tested with a hand held testing device that was presumptively positive for methamphetamine and marijuana. Upon being confronted with the test result, the subject then admitted that he smoked methamphetamine on 7/29/2007. The subject explained that he had recently been involved in a break-up with his girlfriend and was feeling down. He stated that he went for a swim at "Tracks" beach in Ewa and met a couple of "old friends." He explained that he smoked "ice" with them. Upon being questioned about the marijuana in his urine, the subject reported he had no idea why he would test positive for marijuana. After speaking further with the subject, he recalled that his friends smoked "ice" and marijuana. He explained that he had joined his two friends in their car and that he must have inhaled second hand marijuana smoke. The subject denied smoking any marijuana. The subject was instructed to report to the U.S. Probation Office on 7/30/2007.

On 7/30/2007, the subject appeared at the U.S. Probation Office. Based upon the subject's recent completion of IOP treatment at Hina Mauka followed by this relapse, this officer informed the subject that he would be required to seek a higher level of drug treatment. The subject was instructed to seek entry into the Salvation Army Adult Rehabilitation Center (ARC) residential drug treatment program. The subject informed this officer that he did not feel he was in need of residential treatment and was afraid that he would lose his home if he entered residential treatment. The subject was informed that if he refused to seek residential drug treatment, this officer would initiate revocation proceedings. The subject was provided with one day to contemplate his decision. On 7/31/2007, the subject informed this officer that he would not enter into a residential drug treatment program.

<u>**Conclusion**</u>

Since the onset of supervision, the subject has been given ample opportunity to address his drug addiction. During this term of supervision, the subject was afforded drug treatment opportunities in the Hina Mauka Drug Aftercare Program (DAP), and Hina Mauka Intensive Outpatient Program (IOP). Most recently, the subject's refusal to enter into a residential drug program suggests that he is not amenable to further treatment. Additionally, he has refused to comply with drug testing and has purposefully attempted to evade detection of his drug use. The subject's actions indicate he is not able to comply with the terms of supervision and that he poses a danger to the community. As a result, it is recommended that a No Bail warrant be issued for his appearance before the Court to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/dck

**Re: NAWROCKI, Zbigniew**
**Criminal No. CR 04-00272SOM-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

**FOR THE**

**DISTRICT OF HAWAII**

To: ZBIGNIEW NAWROCKI Docket No. CR 04-00272SOM-02

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 27 months commencing 7/5/206.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) Zbigniew J. Nawrocki 6-27-06
ZBIGNIEW NAWROCKI, Defendant Date

6/23/06
MARK T. NUGENT Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE: ZBIGNIEW NAWROCKI
Docket No. CR 04-00272SOM-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) That the defendant shall participate and comply with substance abise treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

That the fine of $3,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) [signature] 6-23-06
ZBIGNIEW NAWROCKI, Defendant — Date

[signature] 6/23/06
MARK T. NUGENT
U.S. Probation Officer — Date